IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES E. BONNETT, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. DKC-23-1700 |
| WARDEN, *et al.*, | * | |
| Defendants. | * | |

\*\*\*

### MEMORANDUM OPINION

Self-represented Plaintiff James E. Bonnett, an inmate currently confined at the Jessup Correctional Institution ("JCI") in Jessup, Maryland, filed the above-captioned complaint alleging that the companies providing commissary and telephone services to JCI were a monopoly. ECF No. 1. Because the complaint failed to state a claim against a proper defendant, this court issued an order on October 2, 2023, requiring Mr. Bonnet to amend his complaint as well as to pay the filing fee or file a motion to proceed *in forma pauperis*. ECF No. 5. Mr. Bonnett was provided 28 days to comply with the order and was forewarned that failure to file the information required would result in the dismissal of the suit. *Id.*

Mr. Bonnett filed an amended complaint on October 19, 2023, together with a motion for leave to proceed *in forma pauperis*. ECF Nos. 6, 7. Because he appears indigent, Mr. Bonnett's motion will be granted. For the reasons that follow, however, the case must be dismissed.

This court is obliged by 28 U.S.C. § 1915A to screen prisoner complaints and dismiss any complaint that is "frivolous, malicious or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In deciding whether a complaint fails to state a claim, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent

standards than pleadings drafted by attorneys and must read the complaint liberally." *See White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989).

The court is mindful of its obligation to accord liberal construction to the pleadings of self-represented litigants such as Mr. Bonnett.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nonetheless, liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

Mr. Bonnett's amended complaint purports to state a claim pursuant to 42 U.S.C. § 1983, which provides that a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983.  Section 1983, however, "is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *Wahi v. Charleston Area Med. Ctr.,* 562 F.3d 599, 615 (4th Cir. 2009).

Here, Mr. Bonnett claims that he is a "victim of a massive 'kickback' scheme w[h]ere jointly each defendant used means to obtain purchase of your funds such change in prices etc. and each were aided by very powerful partnership schemes jointly," ECF No. 6 at 7, but he does not provide any facts to support this vague and conclusory allegation.  Furthermore, he names defendants who are not amenable to suit under § 1983.

Mr. Bonnett names the Department of Public Safety and Correctional Services ("DPSCS") and the DPSCS Inmate Tablet Program as defendants. Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court for damages brought by its citizens or the citizens of another state, unless it consents. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id*., citing *Florida Department of Health v. Florida Nursing Home Assn.,* 450 U.S. 147 (1981) (*per curiam*). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Halderman*, 465 U.S. at 100 (emphasis in original). As a department of the State of Maryland, DPSCS is immune from suit, as is its "tablet program," to the extent that encompassed within DPSCS.

Defendant Keefe Commissary is a private corporation that provides goods for sale in Maryland's prison commissaries. *See Arehart v. Keefe Commissary Network Sales, Inc.*, No. 7:09-cv-00308, 2009 WL 2753196, *2 (W.D.Va. Aug. 26, 2009). The Complaint does not explain what role defendant Global Tel Link plays, however it appears to be another private corporation contracted to provide services to inmates. ECF No. 1 at 7. Seemingly private conduct can be the subject of a § 1983 suit in limited circumstances, such as "(1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) *when* the

3

state has committed an unconstitutional act in the course of enforcing a right of a private citizen," *DeBauche v. Trani*, 191 F.3d 499, 507 (4th Cir. 1999) (citing *Andrews v. Fed. Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir. 1993)).  However, none of the exceptions apply here, therefore the claims against defendants Keefe Commissary and Global Tel Link must be dismissed.[1]  "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982).  "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state." *Andrews*, 998 F.2d at 217.

Defendant JCI is not a proper defendant which can be sued under § 1983.  A number of courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to suit under § 1983.  *See Smith v. Montgomery Cty. Corr.*

---

[1] Even if Keefe Commissary could be considered a state actor, the claim raised in the complaint regarding delivery of goods is frivolous.  The Eighth Amendment protects inmates from cruel and unusual punishment; restrictive or harsh conditions "are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  To state an Eighth Amendment claim "a prisoner must prove two elements—that the deprivation of [a] basic human need was objectively sufficiently serious and that subjectively the officials acted with a sufficiently culpable state of mind." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).  "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003).  Demonstration of an extreme deprivation proscribed by the Eighth Amendment requires proof of "a serious or significant physical or emotional injury resulting from the challenged conditions." *See Odom v. S.C. Dep't of Corr.*, 349 F.3d 765, 770 (4th Cir. 2003) (quoting *De'Lonta*, 330 F.3d at 770).

There is no constitutional requirement that prisons provide inmates with a commissary or a means by which to purchase goods and, once such a service is provided, there is no constitutional requirement for the commissary to provide goods and services that are satisfactory to the prisons. *See e.g. Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996) ("we know of no constitutional right of access to a prison gift or snack shop . . ."); *Trujillo v. Young*, No. 7:02-cv-01083, 2003 WL 23312781 at *3 (W.D. Va. June 5, 2003) (no protected right for inmates to purchase commissary at low prices).

*Facility*, Civil Action No. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983"); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) (stating that "the Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989) (noting that "[c]laims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit"). Conduct amenable to suit under 42 U.S.C. § 1983 must be conduct undertaken by a person, and JCI is not a person within the meaning of the statute. Therefore, it must be dismissed.

As to defendant Warden, Mr. Bonnett does not make any factual allegations to demonstrate that the Warden personally took action that violated his constitutional rights or is subject to supervisory liability; therefore, the complaint against him must be dismissed. Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. It is well established that the doctrine of respondeat superior does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983); *see also Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a Bivens suit). Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable

5

risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.  *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

Because Mr. Bonnett has failed to state a claim upon which relief can be granted against any of the named defendants, the amended complaint must be dismissed.[2]  Mr. Bonnett is advised that under 28 U.S.C. § 1915(g), he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

A separate Order follows.

January 29, 2024                                          /s/
                                              DEBORAH K. CHASANOW
                                              United States District Judge

---

[2] Plaintiff states that he requests an attorney and the "use of class action."  ECF No. 1 at 8.  Construed as motions to appoint counsel and to certify a class, the motions will be denied as moot.